(April 8, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. HATHAWAY, Appellant. [688 NYS2d 720] —Appeal from a judgment of the County Court of Essex County (Plumadore, J.), rendered May 14, 1997, which resentenced defendant following his conviction of the crime of manslaughter in the second degree.

On May 3, 1996, defendant went on a drinking spree with two acquaintances: codefendant Paul Taylor and the victim, Marcus Chadwick. After leaving one bar, defendant and Chadwick began to argue, which escalated into a fight after the three got in a van and Taylor began driving. Eventually, Taylor stopped the van in a wooded area and defendant and Taylor then dragged Chadwick, who was intoxicated and severely beaten, into the woods, rolled him over on his stomach and placed a fallen tree on top of him. Before leaving the scene, defendant took Chadwick's wallet. Chadwick ultimately died of

exposure and his body was discovered several days later. Defendant was later arrested and a nine-count indictment was handed up against him charging him with, *inter alia*, depraved indifference murder and manslaughter in the second degree.

In satisfaction of this indictment, defendant pleaded guilty to the crime of manslaughter in the second degree with the understanding that there was no specific promises made as to his sentence and that imposition of the maximum permissible sentence was a "distinct possibility". County Court later sentenced defendant to a 15-year definite sentence of imprisonment. However, when it was later discovered that this sentence was illegal,* County Court vacated the sentence and resentenced defendant as a second felony offender to an indeterminate term of 7½ to 15 years in prison. Prior to imposition of this sentence, defendant agreed to waive his right to appeal. Nevertheless, defendant now appeals, arguing that his sentence was harsh and excessive.

Assuming, arguendo, that appellate review was not foreclosed as a result of defendant's waiver of his right to appeal the sentence imposed (*see, People v Ennis*, 254 AD2d 642, *lv denied* 92 NY2d 1048), we find that the agreed-upon sentence should not be disturbed. It is well settled that where a sentence is within permissible statutory ranges, it shall not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681). Here, given the heinous and callous nature of the crime and defendant's criminal history, we find no abuse of discretion in County Court's imposition of the harshest available sentence, which was consistent with the relevant statutory requirements. Furthermore, upon our review of the record, we find no reason to disturb the sentence imposed in the interest of justice (*see, id.*).

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

---

* Manslaughter in the second degree is not classified as a violent felony offense (*see,* Penal Law § 125.15; *see also,* Penal Law § 70.02 [1] [b]).